**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------

ROBERTO ARROYO,                                    **INITIAL CONFERENCE ORDER**

Plaintiff(s),

                                                   15   -CV- 917  ( FB  ) (VMS)

-against-

CITY OF NEW YORK, et al.,

Defendant(s)
-----------------------------------------------------------    12:00

An Initial Conference will be held at ~~3:30~~  ☐ a.m. ☑ p.m. on
~~7/14/2015~~ 6/25/15 before Magistrate Judge Vera M. Scanlon in the United States Courthouse, Courtroom 504 North, 225 Cadman Plaza East, Brooklyn, New York 11201.

Attorneys for all parties are directed to appear for the conference in person. If a party is not represented by counsel, the pro se party must appear. Counsel for Plaintiff(s) is requested to confirm with counsel for Defendant(s) that all necessary participants are aware of this conference.

In the event an answer or other response to the complaint has not yet been filed by the time this Order is received, counsel for Plaintiff(s) is to notify counsel for Defendant(s) or the pro se Defendant(s) of this conference as soon as an answer or other response is filed. Counsel for Plaintiff(s) is to notify the Chambers of Magistrate Judge Scanlon by letter filed on the Court's ECF system three business days before the scheduled conference if an answer or other response still has not been filed.

Requests for adjournments will not be considered unless made at least forty-eight (48) hours before the scheduled conference except in the event of an emergency.

Prior to the initial conference, counsel (or if any party is unrepresented, the party) are to comply with Federal Rule of Civil Procedure 26(f). Counsel shall meet and confer at least five business days before the initial conference to discuss the matters specified in FRCP 26. Counsel shall also discuss (1) the scope of any anticipated electronic discovery, the preservation of electronically stored data, and the cost of locating, maintaining and producing that data, and (2) whether any party will rely upon expert testimony, and if so, the proposed schedule for expert discovery. Together, counsel shall complete the attached scheduling order and bring with them to the initial conference a copy for the Court.

At the initial conference, counsel shall be fully prepared to discuss this action and any issues relating to the case, including jurisdiction, venue, John/Jane Doe parties, schedules for discovery and for trial, and settlement. Only counsel with knowledge of the case should attend the conference; <u>per diem</u> counsel should not appear. All individual attorneys who plan to appear at a conference are to file a notice of appearance on the ECF system before the conference.

All cases with counsel have been assigned to the Court's Electronic Case Filing Program. The parties shall file all future submissions electronically. It is the responsibility of the parties to monitor regularly the status of their cases to avoid missing deadlines and court appearances. Counsel are obliged to update the Court's records with any change of contact information so that they will receive all Court notices.

**SO ORDERED.**

Dated:       Brooklyn, New York
             April 30, 2015

                                                         /s/
                                              VERA M. SCANLON
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------

ROBERTO ARROYO,                                         **INITIAL SCHEDULING ORDER**

Plaintiff(s),                          15    -CV- 917    ( FB  ) (VMS)

-against-

CITY OF NEW YORK, et al.,

Defendant(s)
-----------------------------------------------------------

Upon consent of the appearing parties and their counsel, it is hereby **ORDERED** as follows:

1) Defendant(s) shall answer or otherwise move with respect to the complaint by ___Done___.

2) Automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure must be completed by __6/25/15__, if not yet completed.

3) Initial document requests and interrogatories will be served no later than __6/25/15__. If the parties intend to issue interrogatories, they will serve no more than __25__ interrogatories. The parties are aware that the presumptive cap on the number of interrogatories is 25, including subparts.

4) No additional parties may be joined after __7/24/15__. By this date, the parties may either stipulate to the addition of new parties or commence motion practice for joinder in accordance with the Individual Rules of the District Judge assigned to this case.

5) No amendment of the pleadings will be permitted after __7/24/15__ unless information unknown to the parties by this date later becomes available to them. By this date, the parties

may either stipulate to the amendments of the pleadings or commence motion practice for leave to amend the pleadings in accordance with the Individual Rules of the District Judge assigned to this case.

6) Fact discovery closes __12/31/15__.

*Note: Treating physicians who may be called as witnesses, including as expert witnesses, should generally provide their reports or summaries and be deposed during the fact discovery period.*

7) As to expert disclosures,

   a) The names, qualifications and area(s) of expertise of initial experts shall be served on or before __1/25/16__.

   b) Initial expert witness reports shall be served on or before __1/25/16__.

   c) Rebuttal expert witness reports shall be served on or before __2/25/16__.

8) All discovery, including any depositions of experts, shall be completed on or before __3/25/16__.

   *(Generally, this date must be no later than 9 months after the initial conference.)*

9) On or before __1/15/16__, the parties must file on ECF a joint letter confirming that discovery is concluded.

10) Any dispositive motion practice must be commenced by __4/25/16__, within 30 days of the close of all discovery.

   Parties must consult the Individual Rules of the District Judge assigned to this case to determine, inter alia, if a pre-motion conference letter is required before a dispositive motion is filed, whether a Local Rule 56.1 statement must be submitted with the motion and whether such a motion must be "bundled."

11) A proposed joint pre-trial order must be filed (or if required by the District Judge, a scheduling date must be requested) by __2/29/16__, within 60 days of the close of fact discovery.

   This date is not stayed during any dispositive motion practice unless ordered by the District Judge assigned to this case or permitted by the District Judge's Individual Rules.

4

12) Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)?

   a) No ____✓____ Do **NOT** indicate which party has declined to consent.

   b) Yes _____

   *If yes, fill out the AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge Form and file it on the Court's ECF system. See http://www.uscourts.gov/FormsAndFees/Forms/CourtFormsByCategory.aspx*

13) A discovery status telephone conference/an in-person Status Conference is set for _____ at _____ ____a.m. ___ p.m. If a telephone conference is scheduled, the conference call will be arranged and initiated by Plaintiff or Defendant (circle one) to Chambers at 718 613 2300. A joint discovery status letter must be filed on ECF by _____ in preparation for the conference. *The Court will schedule these dates.*

14) A final pre-trial conference is set for _____. *The Court will schedule this date.*

15) The parties may wish to engage in settlement discussions. To facilitate this process, Plaintiff(s) agree(s) to make a demand on or before 7/24/16, and Defendant(s) agree(s) to respond to the demand on or before 8/24/16.

   *After the parties have exchanged a demand and response, the Parties may request a settlement conference by filing on ECF a letter that requests a conference and informs the Court of at least three dates when all counsel and all parties with decision-making authority (including, if necessary, insurance representatives) are available for an in-person conference. The parties will be required to submit an ex parte settlement statement letter a week before the conference.*

16) Any additional matters:

**This scheduling order may be altered or amended only upon a showing of good cause based on circumstances not foreseeable as of the date hereof.**

Dated: Brooklyn, New York

_____<br>
VERA M. SCANLON<br>
UNITED STATES MAGISTRATE JUDGE

**CONSENTED TO BY COUNSEL:**

Signature:_____
Name:
*Attorney for Plaintiff(s)*
Address:
E-mail:
Tel.:
Fax:

Signature:_____

Name:
*Attorney for Defendant(s)*
Address:
E-mail:
Tel.:
Fax:

*(Additional counsel should provide the same information.)*