

| | | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | DEBORAH L. MBABAZI<br>*Assistant Corporation Counsel*<br>E-mail: dmbabazi@law.nyc.gov<br>Phone: (212) 356-2404<br>Fax: (212) 356-3509 |

March 28, 2016

**VIA ECF**
Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Roberto Arroyo v. City of New York, et al.</u>, 15-CV-917 (FB)(VMS)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, Bercides Medina and Brett Ostrander in the above-referenced matter.  City defendants (1) oppose plaintiff's request for a pre-motion conference to allow the plaintiff to file an amended complaint to add additional police officers; and (2) consent to extend discovery for the limited purpose of conducting the deposition of Police Officer Paual Polanco.

      On March 14, 2016, plaintiff's counsel, Afsaan Saleem, filed a motion to request a pre-motion conference to allow plaintiff to amend the complaint to add additional officers and to extend the discovery end date.  City Defendants propose a 15 day extension of discovery for the limited purpose of conducting Officer Polanco's deposition.  Defendants have already produced three police officers for deposition, namely Officer Bercides Medina, the arresting officer in plaintiff's September 1, 2014 arrest and Officer Brett Ostrander, the arresting officer in plaintiff's September 23, 2014 arrest.  Prior to the end of discovery, Mr. Saleem requested to take the depositions of the arresting officers' partners, Officers Jesus Perez and Paual Polanco, who had been previously identified by the City.  Prior to the end of discovery, the City agreed to produce both officers.  As such, the City has already produced Officer Perez for deposition.  Since, the City agreed to produce Officer Polanco for deposition prior to the discovery end date, the City has no objection to a 15 day extension of discovery to complete Officer Polanco's deposition.

However, defendants oppose plaintiff's motion to amend his complaint to add an indeterminate number of additional unnamed police officer defendants. According to the Initial Scheduling Order filed by the Court on April 30, 2015, no additional parties may be joined after July 24, 2015 and the discovery end date was scheduled as December 31, 2015. On July 15, 2015, the City defendants wrote plaintiff's attorney of record, Robert Marinelli,[1] identifying Police Officers Bercides Medina and Jesus Perez and Sergeant John Coyle with respect to plaintiff's arrest dated September 1, 2014. In addition, our July 15, 2015 letter, identified Police Officers Brett Ostrander, Paual Polanco and Ismet Muratovic and Sergeant Michael Malone with respect to plaintiff's September 23, 2014 arrest. Finally, on October 15, 2015, the Court ordered plaintiff to initiate a motion to amend the complaint by December 23, 2015. On February 18, 2016, the discovery end date was extended to March 25, 2016.

Defendants respectfully maintain that plaintiff should be precluded from adding defendant officers at this time, since he failed to add them as parties to this action prior to the Court ordered deadline of July 24, 2015, failed to initiate a motion to amend the complaint to add defendant officers by the Court ordered deadline of December 23, 2015, and failed to even raise this issue at the time discovery was extended in this matter. Plaintiff had more than enough opportunity to add additional officers and failed to do so. While plaintiff contends that defendants will not be prejudiced by his amendment, defendants maintain that they will be prejudiced since the parties have already been engaging in discovery, a number of depositions have already been held, including the plaintiff's deposition, now plaintiff wants to add an indeterminate number of additional police officers. Adding additional police officers could make it necessary to re-open plaintiff's deposition and result in extending discovery even further.

In light of the above, defendants respectfully request that the Court deny plaintiff's motion to add additional defendant officers and grant a 15 day extension of time to conduct Officer Polanco's deposition.

Thank you for your consideration of this request.

Respectfully submitted,

/s/

Deborah L. Mbabazi
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Afsaan Saleem, Esq. (Via ECF)
*Attorney for Plaintiff*
The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, N.Y. 11241

---

[1] See Docket Sheet for this matter.