UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ROBERTO ARROYO,

                         Plaintiff,

              -against-

CITY OF NEW YORK; Police Officer Bercides
Medina, Shield No. 14320; Police Officer Brett
Ostrander, Shield No. 18461, Police Officer
Jesus Perez, Shield No. 31139, Sergeant Juan
Moreno, Shield No. unknown, Police Officer
Paual Polanco, Shield No. 31951, Police Officer
Ismet Muratovic, Shield No. 30125, and
Sergeant Michael Malone, Shield No. 4044,

                        Defendants.

------------------------------------------------------------x

**THIRD AMENDED
COMPLAINT**

Jury Trial Demanded

15-CV-917 (FB)(VMS)

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the
violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988,
and the Fourth and Fourteenth Amendments to the Constitution of the United
States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§
1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b)
and (c).

5.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

**JURY DEMAND**

6.     Plaintiff demands a trial by jury in this action.

**PARTIES**

7.     Plaintiff Roberto Arroyo ("plaintiff" or "Mr. Arroyo") is a resident of Kings County in the City and State of New York.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.     Defendant Police Officer Bercides Medina, Shield No. 14320 ("Medina"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Medina is sued in his individual and official capacities.

10.     Defendant Medina, at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

11.     Defendant Police Officer Brett Ostrander, Shield No. 18461 ("Ostrander"), at all times relevant herein, was an officer, employee and agent

2

of the NYPD.   Defendant Ostrander is sued in his individual and official capacities.

12.    Defendant Ostrander, at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

13.    Defendant Police Officer Jesus Perez, Shield No. 31139 ("Perez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Perez is sued in his individual and official capacities.

14.    Defendant Perez, at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

15.    Defendant Sergeant Juan Moreno, Shield No. unknown ("Moreno"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Moreno is sued in his individual and official capacities.

16.    Defendant Moreno, at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

17.    Defendant Police Officer Paual Polanco, Shield No. 31951 ("Polanco"), at all relevant times herein, was an officer, employee and agent of the NYPD.  Defendant Polanco is sued in his individual and official capacities.

18.    Defendant Polanco, at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

19.    Defendant Police Officer Ismet Muratovic, Shield No. 30125 ("Muratovic"), at all times relevant herein, was an officer, employee and agent of

the NYPD.   Defendant Muratovic is sued in his individual and official capacities.

20.     Defendant Muratovic, at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

21.     Defendant Sergeant Michael Malone, Shield No. 4044 ("Malone"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Malone is sued in his individual and official capacities.

22.     Defendant Malone, at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

23.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

**Incident 1**

24.     At approximately 6 p.m. on September 1, 2014, plaintiff was in the vicinity of 1487 Sterling Place in Brooklyn, New York. Plaintiff was with his two-year-old daughter.

25.     Defendants Medina and Perez approached plaintiff and told him that he was seen drinking in front of 1488 Sterling Place.

26.     Plaintiff told Medina and Perez that he was with his young daughter and was not drinking.

27.     One of the defendants Medina and Perez, offended by plaintiff's denial, threw plaintiff to the ground and employed pepper spray on him.

4

28.     Plaintiff was then dragged on the concrete. Defendants Medina, Perez and Moreno then placed their knees on plaintiff's back and twisted his arms violently behind his back.

29.     Defendants searched plaintiff, finding neither contraband nor evidence of any crime.

30.     Despite the fact that they had no probable cause to believe that plaintiff had committed any crimes or offenses, defendants Medina, Perez and Moreno placed him under arrest.

31.     Plaintiff was thrown into a police vehicle and eventually taken to a police precinct.

32.     At the precinct, defendants Medina, Perez and Moreno falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff resisting arrest, acting disorderly and consuming alcohol.

33.     At no point did the officers observe plaintiff commit any crimes or offenses.

34.     Plaintiff was placed in a room and questioned by defendants Medina, Perez and Moreno. When plaintiff objected to his arrest and questioning, one of the defendants held plaintiff up by his arms while another, struck plaintiff in the face a number of times.  Plaintiff began bleeding from the house.

35.     Plaintiff begged for medical attention. Ultimately he was taken to Brookdale Medical Center.

36.     Ultimately plaintiff was taken to Brooklyn Central Booking.

37.   Plaintiff was then arraigned and received an ACD.

38.   Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

39.   At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

40.   This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

41.   Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

**Incident 2**

42.   At approximately 6:30 p.m. on September 23, 2014, plaintiff was again in the vicinity of 1487 Sterling Place in Brooklyn, New York.

43.   Defendants Ostrander and Polanco approached plaintiff and again told him that he was seen drinking in front of 1488 Sterling Place.

44.   Plaintiff told defendants again that he was not drinking.

45.   Defendants Ostrander and Polanco were joined by defendants Muratovic and Malone.

46.     One of the defendants, offended by plaintiff's denial, slammed plaintiff to the ground and employed pepper spray on him, very close to plaintiffs face.

47.     The defendants then attacked plaintiff, punching and kicking him. Plaintiff was again dragged on the concrete. Defendants twisted plaintiff's arms violently behind his back.

48.     Defendants searched plaintiff, finding neither contraband nor evidence of any crime.

49.     Despite the fact that they had no probable cause to believe that plaintiff had committed any crimes or offenses, the officers placed him under arrest.

50.     Plaintiff was thrown into a police vehicle and eventually taken to a police precinct.

51.     At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff resisting arrest and consume alcohol.

52.     At no point did the officers observe plaintiff commit any crimes or offenses.

53.     Ultimately he was taken to Kingbrook Jewish Medical Center.

54.     Plaintiff was taken to Brooklyn Central Booking.

55.    Plaintiff was then arraigned and after several months, the case against plaintiff was dismissed.

56.    Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

57.    At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

58.    This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

59.    Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

**FIRST CLAIM**
**42 U.S.C. § 1983  Federal Civil Rights Violations**

60.    Plaintiff repeats and reallege s each and every allegation as if fully set forth herein.

61.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

62.    All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

63.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

64.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

65.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM
### Unlawful Stop and Search

66.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

68.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

**THIRD CLAIM**
**False Arrest**

69.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

71.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FOURTH CLAIM**
**Unreasonable Force**

72.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

74.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**FIFTH CLAIM**
**Denial Of Constitutional Right To Fair Trial**

75.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

76.    The individual defendants created false evidence against Plaintiff.

77.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

78.     In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

**79.**     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM

### Failure To Intervene

80.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

81.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

82.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

83.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM

## State Law False Imprisonment and False Arrest

84.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

85.    By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

86.    Plaintiff was conscious of his confinement.

87.    Plaintiff did not consent to his confinement.

88.    Plaintiff's confinement was not otherwise privileged.

89.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

90.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## EIGHTH CLAIM
## State Law Assault and Battery

91.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

92.    By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

93.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

94.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## NINTH CLAIM
### Negligent Hiring/Training/Retention

95.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

96.    Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

97.    Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

98.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

99.   Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

100.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:      September 6, 2016
            New York, New York

Afsaan Saleem
The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
(718) 852-4759
saleemlawny@gmail.com

*Attorney for plaintiff*