UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

ROBERTO ARROYO,                                    **DEFENDANTS'**
                                                   **PROPOSED JURY**
                                                   **CHARGE**[1]
                                    Plaintiff,

            -against-

POLICE  OFFICER  BERCIDES  MEDINA,  POLICE          15-CV-917 (VMS)
OFFICER  BRETT  OSTRANDER,  POLICE  OFFICER
JESUS  PEREZ,  SERGEANT  JUAN  MORENO,  POLICE
OFFICER  PAUAL  POLANCO,  POLICE  OFFICER  ISMET
MURATOVIC,  SHIELD  NO.  30125,  AND  SERGEANT
MICHAEL MALONE,[2]

                                    Defendants.

-------------------------------------------------------------------------- x


**JOINT PROPOSED JURY CHARGE**

**GENERAL INSTRUCTIONS**

        Defendants  Police  Officer  Bercides  Medina,  Police  Officer  Brett  Ostrander,

Police Officer Jesus Perez, Sergeant Juan Moreno, and Police Officer Paual Polanco, by their

---

[1] Defendants intend to rely on the defense of qualified immunity.  As the Court in Zellner v. Summerlin, 494 F.3d 344 (2d Cir. 2007), and Stephenson v. John Doe, 332 F.3d 68 (2d Cir. 2003) has held, the issue of qualified immunity is one for the Court to determine as a matter of law.  Thus, defendants respectfully submit that the jury should not be charged on qualified immunity.  Defendants also respectfully submits that special jury interrogatories may be used to permit the jury to resolve the disputed facts upon which the Court can then determine, as a matter of law, the ultimate question of qualified immunity.  Defendants, therefore, respectfully request the opportunity to submit comments on any such special jury interrogatories and/or to submit proposed special interrogatories at a date and time set by the Court.

[2] Defendants respectfully request that the Court amend the caption to reflect only the remaining defendants who are Bercides Medina, Brett Ostrander, Jesus Perez, Juan Moreno and Paual Polanco.

attorney, Zachary W. Carter, Corporation Counsel of the City of New York, request, pursuant to Rule 51 of the Federal Rules of Civil Procedure, that the Court give the following instructions to the jury.[3]

## PART I:  GENERAL INSTRUCTIONS.

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.  Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.  As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you.  Also, even if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now, but also so that

---

[3] Defendants respectfully note that in addition to substantive instruction charges for the jury, we also have submitted general instruction charges in an abundance of caution but are mindful that the Court likely has its own preliminary and general instructions for use at trial.  In addition, defendants respectfully reserve the right to include additional substantive jury charges, if necessary, at the time of trial based upon the course of the proceedings.  Defendants have not included a proposed charge on their qualified immunity defense, since they respectfully submit that the issue of qualified immunity is one for the Court to decide, not the jury.  Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007); Stephenson v. Doe, 332 F.3d 68, 80-82 (2d Cir. 2003).  Should the Court indicate that it intends to charge the jury on qualified immunity, defendants respectfully reserve the right to provide a proposed qualified immunity charge at that time.  Additionally, should it become necessary for the question of qualified immunity to be reached, defendants respectfully reserve the right to submit Special Interrogatories to the Court to be reviewed.

you can have them with you for reference when you begin your deliberations.  In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

## **Duty of the Jury**

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence, you determine the credibility of the witnesses, you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence.  Nothing that the lawyers said in their opening statements, in their closing arguments, in their objections, or in their questions is evidence.  Nor is anything I may have said evidence.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence.  Please remember that questions are never evidence; only answers are evidence.  However, at times, during the course of this trial, counsel for the plaintiff and the defendants may have incorporated into their questions statements that they asked the witness to assume as true.  If the witness denied the truth of these statements, and if no other evidence was introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a lawyer's question.  On the other hand, if the witness acknowledged the truth of the

statement, you may, of course, consider the witness's answer as evidence that the statement is in fact true.  Also, you may not consider any answer that I directed you to disregard or what I directed be stricken from the record.  Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also has the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All such questions of law must be decided by me.  You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence or asked for a conference out of the hearing of the jury or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses.  My rulings were no more than applications of the law, and my questions were only intended for clarification or to expedite matters.  You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law.  You are to perform your final duty in an attitude of complete fairness and impartiality.  You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict.  So do not be guided by anything except clear thinking and calm analysis of the

evidence.  Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

### Burden of Proof: Preponderance of the Evidence

As you know, this is a civil case.  In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of the claim by a preponderance of the credible evidence.

Here, the party that is making a claim is the plaintiff, ROBERTO ARROYO.

In this civil trial, it is plaintiff's burden to establish each and every element of his claim by a preponderance of the credible evidence.  The "credible evidence" means such testimony, exhibits, or other evidence that you find worthy of belief.  To establish an element of a claim by a preponderance of credible evidence means to prove that that element is more likely true than not true.  If plaintiff fails to prove, by a preponderance of the evidence, any element of his claim, then you must find for defendants on that claim.

What does a "preponderance of the evidence" mean? A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties – that is, it is equally probable that one side is right as it is that the other side is right, then you must decide that issue against the party having the burden of proof,

or the plaintiff in this case. That is because the party bearing the burden, in this case the plaintiff, must prove more than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with the burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of that party – that what he claims is more likely true than not true – then the element will have been proved by a preponderance of evidence.

### Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  It does not require any other evidence.  It does not require you to draw any inferences.  A witness's testimony is direct evidence when the witness testifies to what he saw, heard, or felt.  In other words, when a witness testified about what is known from his own personal knowledge by virtue of his own sense – what he sees, touched, or hears – that is direct evidence.  The only question is whether you believe the witness's testimony.  A document or physical object also may be direct evidence when it can prove a material fact by itself, without any other evidence or inference. You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you could not look outside.  Then later, as you were sitting here, people began walking in with wet umbrellas and, soon after, others walked in with wet raincoats.

Now, on our assumed facts, you cannot look outside of the courtroom, and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other act.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence and you can consider either or both and can give them such weight as you conclude is warranted.

You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are and in arriving at your verdict.

## <u>Witness Credibility</u>

It must be clear to you by now that the parties are asking you to draw very different conclusions in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright; or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct-examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the

witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias.  Does the witness have a relationship with any of the parties that may affect how he or she testified?  Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth?  Does the witness have some bias, prejudice or hostility that may cause the witness – consciously or not – to give you something other than a completely accurate account of the facts he or she testified to?  However, an interested witness is not necessarily less credible than a disinterested witness.  The fact that a witness is interested in the outcome of the case does not mean that the witness has not told the truth.  It is for you to determine from the witness's demeanor on the stand and such other tests as your experience dictates whether or not the witness's testimony has been colored, intentionally or unintentionally, by the witness's interest.

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Finally, should you, in the course of your deliberations, conclude that any witness has intentionally testified falsely as to a material fact during the trial, you are at liberty to disregard all of his testimony on the principle that one who testifies falsely as to on material fact

may also testify falsely as to other facts. You are not required, however, in all circumstances, to consider such a witness as totally unworthy of belief. You may accept so much of his testimony you believe to be true and reject only such part you conclude is false.

## PART II: SUBSTANTIVE LAW

### A.     The Statute, Its Function, and Elements of Claim for Relief

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983.

In order to prevail in this case pursuant to 42 U.S.C. § 1983, plaintiff must prove by a preponderance of the evidence that:

1)     Defendants' conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

2)     Defendants' conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain these elements to you.

### 1.     First Element:  Deprivation of Constitutional Right

First, plaintiff must show that he was intentionally or recklessly deprived of a constitutional right by the defendant. Specifically, the plaintiff must show, by a preponderance of the credible evidence, that (a) defendant committed the act alleged by plaintiff; (b) the alleged act caused the plaintiff to suffer the loss of a constitutional right; and (c) in performing the act alleged, defendant acted intentionally or recklessly.

#### 1.     *Commission of Alleged Acts*

The first thing for you to determine is whether the defendants committed the acts alleged by plaintiff. If you find that plaintiff has failed to prove by a preponderance of the

credible evidence that the defendant committed the acts alleged by plaintiff, you must find in favor of the defendant.[4]

### 2.     *Loss of a Constitutional Right*

If you determine that the defendants committed the acts as alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right.

In this case the plaintiff has brought the following claims against the defendants:

First, unlawful stop and seizure.

Second, false arrest.

Third, denial of a right to a fair trial.

Fourth, excessive force.

Fifth, failure to intervene. .

I'll now explain each of these claims to you in more detail.

### UNLAWFUL STOP AND SEIZURE

The Fourth Amendment protects each of us against unreasonable searches and seizures by the police.  The Fourth Amendment is violated, however, only if you find that the police officers acted unreasonably.

A police officer has the right to stop a person in a public place when the officer reasonably suspects that the person has committed, is committing, or is about to commit a felony or misdemeanor crime or any other offense and ask the person his name, address, and to explain

---

[4] Adapted from the instructions given by Hon. Paul A. Engelmayer in <u>Gabriel Diaz v. Lauren Diaz, *et al.*</u>, 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).

his conduct.[5]   The police officer need not actually establish that the individual engaged in criminal activity before stopping the person. "A law enforcement official, given appropriate circumstances, may approach an individual acting in a suspicious manner if the investigative stop is based on facts that generate a 'reasonable suspicion' that the individual is engaged in criminal activity." [6]   For the purpose of determining whether police officers had reasonable suspicion to make an investigatory stop, the actual motivations of the individual officers involved in the stop are irrelevant.[7]

An officer conducting a stop does not have to have knowledge of all or any of the facts and circumstances to establish the reasonable suspicion that is required. An officer acts lawfully when he reasonably relies upon the information received by other law enforcement officials. Thus, if the collective knowledge of the officers on the scene is of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that there is reasonable suspicion, then the officer relying on that information also has reasonable suspicion to conduct the investigatory stop. A police officer conducting a stop is entitled to act on information received from other officers based upon the presumption that those other officers furnishing information to the officer possess the necessary reasonable suspicion.

In addition, police officers are not required to ignore the relevant characteristics of a particular location, such as whether it is a high-crime area, in determining whether circumstances are sufficiently suspicious to warrant further investigation.[8]   "The determination

---

[5] N.Y. Crim. Proc. Law § 140.50(1); Sibron v. New York, 392 U.S. 40, 88 S. Ct. 1889 (1968).

[6] United States v. Ramirez-Cifuentes, 682 F.2d 337, 341 (2d Cir. 1982).

[7] Holeman v. City of New London, 425 F.3d 184, 190 (2d Cir. 2005).

[8] Illinois v. Wardlow, 528 U.S. 119, 124-25, (2000).

of reasonable suspicion must be based on commonsense judgments and inferences about human behavior." Additionally, you should consider that an individual's nervous, evasive behavior is a pertinent factor in determining reasonable suspicion.[9]

## **FALSE ARREST**

Plaintiff claims that defendants falsely arrested him.

Defendants had the right to arrest plaintiff and take him into custody if they had probable cause[10] to believe that plaintiff was committing, or had committed, or was about to commit any crime or any offense.[11]   The burden is on the defendants to prove by a preponderance of the evidence that they had probable cause to arrest plaintiff.[12]   The existence of probable cause is a justification to arrest and a complete defense to an action for false arrest.[13]

Probable cause exists if the facts and circumstances known to the defendants at the time of the arrest, including information supplied to them before making the arrest, were such as to lead a reasonably prudent person to believe that plaintiff had committed, was committing, or was about to commit any crime or offense.[14]   An arrest made with probable cause is lawful

---

[9] Illinois v. Wardlow, 528 U.S. 119, 124, 120 S. Ct. 673 (2000).

[10] The elements of false arrest are as follows:  1) the defendant intended to confine plaintiff;  2) the plaintiff was conscious of the confinement;  3) the plaintiff did not consent to the confinement; 4) the confinement was not otherwise privileged.   See Singer v. Fulton County Sheriff; See Broughton v. State, 37 N.Y.2d 451, 456 (1975).  Here, the only element at issue is whether plaintiff's confinement was privileged.

[11] Manigault v. Brown, 11 Civ. 4307 (Kaplan, J.) (S.D.N.Y. July 2012); Letang v. City of New York et al., 13 Civ. 8144 (SAS) (S.D.N.Y. delivered on Feb. 2, 2015).

[12] Id.

[13] Maron v. County of Albany, 166 Fed. Appx. 540 (2d. Cir. 2006).

[14] Manigault.

even if the plaintiff actually did not commit the crime.[15]   The arrestee's actual guilt or innocence is irrelevant to the determination of probable cause.[16]   If the defendants had probable cause to believe that plaintiff committed even a very minor criminal offense in their presence, plaintiff's arrest and confinement was privileged.[17]

> The existence of probable cause is measured at the moment of arrest, not based on later developments.[18]   You are not to view the question of probable cause from a position of calm, reflective hindsight, but from the position of how the circumstances appeared to the officers at the time.[19][20]   Thus, the ultimate disposition of the criminal charge against plaintiff, whatever it may have been, is irrelevant to this question.[21]   So long as there is probable cause, a police officer is not required to explore every theoretical claim of innocence before making an

---

[15] Id.

[16] Annunziata v. City of New York, 06 Civ. 7637 (SAS) (S.D.N.Y. Sept. 2008); Tsesarskaya v. City of New York, 11 Civ. 4897 (AJP) (S.D.N.Y. June 2012).

[17] Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001).

[18] Manigault; Tsesarskaya.

[19] See Maryland v. Pringle, 540 U.S. 366, 371 (2003).

[20] The test of probable cause is objective.  An officer's subjective state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause.  Devenpeck v. Alford, 543 U.S. 146, 153 (2004).  The subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause.  The Supreme Court has stated "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action."  Devenpeck, 543 U.S. at 153. See also Rutigliano v. City of New York, 326 Fed. Appx. 5 (2d. Cir. 2009) (holding that plaintiff's false arrest claim must be dismissed where defendants erroneously subjectively arrested plaintiff for unlawful possession of a controlled substance, but objectively had probable cause to arrest plaintiff for reckless endangerment in the second degree because they had knowledge that plaintiff was in a physical altercation with a woman on the street).

[21] Manigualt; See also Benushi v. PO Palmer, 08-CV-2937, (KAM) (E.D.N.Y. Jan. 2011).

arrest.[22]   In fact, an officer has no duty to investigate any claims of innocence by an arrestee. [23]

Moreover, probable cause is not defeated simply because a police officer ignored any statements

of innocence by an arrestee or his witnesses.[24]

Once officers possess facts sufficient to establish probable cause, they are neither

required, nor allowed, to sit as prosecutor, judge or jury.[25]  Their function is to apprehend those

suspected of wrongdoing, and not to finally determine guilt through the weighing of the

evidence.[26]  Probable cause can exist even where it is based on mistaken information, so long as

the arresting officer acted reasonable and in good faith in relying on that information.[27]

The existence of probable cause is not measured by the strict standards required

for criminal conviction.[28]  An officer need not have been convinced beyond a reasonable doubt

at the time of an arrest that a criminal offense was being, had been committed, or was about to be

committed.[29]  Probable cause requires only a fair probability that an offense has been, is being,

---

[22] Annunziata.

[23] Id.; Tsesarskaya.

[24] Annunziata.

[25] Tsesarskaya.  See also, Cerrone v. Brown, 246 F.3d. 194, (2d Cir. 2001).

[26] Tsesarskaya.

[27] Tsesarskaya.  See also Dawson v. Snow, 356 Fed. Appx. 526 (2d. Cir. 2009).

[28] Manigualt.

[29] Id.

or is about to be committed.[30]  There need not have been evidence proving each of the elements of the offense at the time the officer made the arrest. [31][32]

Moreover, it is not necessary to show that there was probable cause for each possible offense that an arrestee committed or was committing.[33]  The officer need only have probable cause to believe that the arrestee was committing, had committed, or was about to commit a single crime or offense.[34][35]  An arrest made with probable cause is lawful even though the plaintiff may not have committed any of the offenses for which he was arrested.[36][37]

---

[30] Id.

[31] Manigault.  See Devenpeck v. Alford, 543 U.S. 146, 152-53 (2004); Michigan v. DeFilippo, 443 U.S. 31, 36 (1979).

[32] See McGuire v. City of New York, 142 Fed. Appx. 1, 3 (2d Cir. N.Y. 2005) ("This court has recognized that, when an officer has evidence that a defendant has engaged in conduct proscribed by law - whether transporting a quantity of drugs, possessing a stolen item, or driving with a suspended license - he has probable cause to arrest the person even without specific evidence on the elements of knowledge and intent that will have to be proved to secure a conviction at trial. The conclusion derives from the practical realization that an officer frequently has 'no reason to know at the time' he observes a person engaged in proscribed conduct what is in the person's mind. It is further supported by the law's general recognition that 'the fact that an innocent explanation may be consistent with the facts as alleged … does not negate probable cause'") (internal quotations and citations omitted).

[33] See Spero v. Tudor, 11-CV-4850 (BMC) (E.D.N.Y. Oct. 2012)

[34] Spero.

[35] In Spero, Judge Cogan charged "Please also note, you do not have to be unanimous on which offenses you find probable cause, whether charged or not, only that you are unanimous that probable cause existed for an offense."

[36] Spero; Annunziata.

[37] This charge stems from the opinion in Devenpeck.  See also Jaegly v. Couch, 439 F.3d. 149 (2d. Cir. 2006)("The focus is on the validity of the arrest, and not the validity of each charge.").

Please keep in mind that an officer making an arrest does not have to have knowledge of all or any of the facts and circumstances that establish the probable cause that is required.  An officer acts lawfully when he reasonably relies upon the information received by other law enforcement officials.  Thus, if the collective knowledge of the officers on the scene is of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that there is probable cause, then the officer(s) relying on that information also has probable cause to arrest.  A police officer conducting an arrest is entitled to act on information received from other officers based upon the presumption that those other officers furnishing information to the officer possess the necessary probable cause.

Finally, you cannot take into account any perceptions you may have regarding defendants' underlying intent or motivation.[38]  Even if an officer acts with evil intentions, that officer will not have violated an individual's Fourth Amendment rights if he had probable cause under the circumstances.[39]

The question for you to answer is whether the defendants have proved, by a preponderance of the evidence, that they had probable cause to believe that plaintiff was committing, had committed, or was about to commit <u>any</u> of the offenses of Obstruction of Governmental Administration, Disorderly Orderly Conduct, Resisting Arrest, Harassment, or the violation of Public Consumption of an Alcoholic Beverage.  Bear in mind, however, that the

---

[38] <u>Spero</u>.

[39] <u>Id</u>.

issue for you is only whether defendant had probable cause for the arrest, not whether plaintiff was in fact guilty of any crime.[40]

A person is guilty of New York Penal Law § 195.05, Obstruction of Governmental Administration in the Second Degree, when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force, or interference. Under New York State Law, approaching the police, speaking during the course of a police action, or disregarding police instructions, provides probable cause to arrest a citizen for Obstructing Governmental Administration.[41]

A person is guilty of New York Penal Law § 240.20(1), when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, plaintiff engages in fighting, violent, tumultuous, or threatening behavior.

---

[40] <u>Annunziata</u>.

[41] Under the New York City Charter, "[t]he police department and force shall have the power and it shall be their duty to preserve the public peace, prevent crime, detect and arrest offenders, suppress riots, mobs and insurrections, disperse unlawful or dangerous assemblages and assemblages which obstruct the free passage of public streets, sidewalks, parks and places . . . regulate, direct, control and restrict the movement of vehicular and pedestrian traffic for the facilitation of traffic and the convenience of the public as well as the proper protection of human life and health; [and] remove all nuisances in the public streets, parks and places. The police department and force shall have the power and it shall be their duty to preserve the public peace, prevent crime, detect and arrest offenders, suppress riots, mobs and insurrections, disperse unlawful or dangerous assemblages and assemblages which obstruct the free passage of public streets, sidewalks, parks and places . . . regulate, direct, control and restrict the movement of vehicular and pedestrian traffic for the facilitation of traffic and the convenience of the public as well as the proper protection of human life and health; [and] remove all nuisances in the public streets, parks and places [.]" N.Y. City Charter § 435(a).

A person is guilty of New York Penal Law § 240.20(2), when with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, plaintiff makes unreasonable noise.

A person is guilty of New York Penal Law § 240.20(5), when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he obstructs the roadway or sidewalk.

A person is guilty of New York Penal Law § 240.20(7), when with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, plaintiff makes a hazardous or physically offensive condition by any act which serves no legitimate purpose.

A person is guilty of Administrative Code Violation § 10-125, consumption of alcohol in public, when they drink or consume an alcoholic beverage, or possess, with intent to drink or consume, an open container containing an alcoholic beverage in any public place, except at a block party, feast or similar function for which a permit has been obtained.

A person is guilty of New York Penal Law § 205.30, resting arrest, when he intentionally prevents  or attempts to prevent a police officer or peace officer from  effecting an authorized arrest of himself or another person.

A person is guilty of New York Penal Law § 240.26, harassment, when he or she strikes, shoves, kicks or otherwise subjects  such  other person to physical contact, or attempts or threatens to do the same; or he or she follows a person in or about a public place or places; or he or she engages in a course of conduct or repeatedly commits acts which  alarm  or  seriously annoy  such other person and which serve no legitimate purpose.

Please also note, you do not have to be unanimous on which crime or offense you find probable cause, whether charged or not, only that you are unanimous that probable cause

18

existed for an offense.[42]   If you find that the defendants have proved the existence of such probable cause for the arrest then you must find for the defendants on this claim.

## DENIAL OF A RIGHT TO FAIR TRIAL

Plaintiff alleges that he was denied the right to a fair trial by the defendants.  To establish a claim of denial of the right to a fair trial, plaintiff must prove the following elements by a preponderance of the credible evidence: (1) that defendants fabricated evidence of a material nature, (2) that the fabricated evidence of a material nature was likely to influence a jury's decision, (3) and this fabricated evidence of a material nature was intentionally forwarded to prosecutors by defendants, and (4) the plaintiff suffered a deprivation of liberty as a result of the fabricated evidence of a material nature.[43]  If you find that plaintiff has failed to prove any of these elements, then you must find in favor of the defendants.  Whether a criminal trial ultimately took place is irrelevant.[44]  Plaintiff must prove by a preponderance of the evidence that a material fabrication of evidence occurred, the fabrication was likely to influence a jury's decision, the false evidence was forwarded to prosecutors and the plaintiff suffered a deprivation of liberty as a result.  However, a mere mistake, or misinformation, contained in a written record is not a basis for finding a constitutional violation.[45]

If you found that there was probable cause to arrest plaintiff for Resisting Arrest, Disorderly Conduct, Harassment in the 2nd Degree, or Consumption of Alcohol in Public, then

---

[42] Spero.

[43] Jovanovic v. City of New York, 486 F. App'x 149, 152 (2d Cir. 2012).

[44] Baez v. Jetblue Airways Corp., 09-CV-596 (CPS)(SMG), 2009 U.S. Dist. LEXIS 67020, at *35 (E.D.N.Y. Aug. 3, 2009).

[45] Hope v. City of New York, CV-08-5022 (BMC), 2010 U.S. Dist. LEXIS 145684, at *12 (E.D.N.Y. Jan. 22, 2010).

there was probable cause for the commencement of the prosecution and plaintiff cannot prove that she suffered a deprivation of liberty.  In that scenario, you must find in favor of the defendants on the denial of a right to fair trial claim.[46]

## EXCESSIVE FORCE[47]

The plaintiff alleges that the defendants violated his Fourth Amendment rights by using excessive force.  Defendants dispute plaintiff's version of events, and contend that their actions were justified, reasonable under the circumstances, and in accordance with the existing law.  Therefore, you must first determine if the events happened as plaintiff alleges.  If not, you must find for the defendants.

In addition, in order to find for plaintiff on this claim, you must find three (3) things: first, that he suffered a physical injury; second, that the injury suffered was proximately caused by the intentional actions or conduct of defendants, and no one else, directed at the plaintiff; and third, that the amount of force used was in excess of what a reasonable officer would have used under similar circumstances.

Even if you find that there was some forcible contact between the plaintiff and the defendants, that mere fact would not be sufficient by itself to demonstrate that the defendants violated the plaintiff's constitutional rights.[48]   In fact, in restraining an individual or taking an individual into custody, a police officer is not constitutionally required to be courteous.  That

[46] Hoyos v. City of New York, 999 F. Supp. 2d 375, 394 (E.D.N.Y. 2013) ("Where independent probable cause exists for the prosecution, plaintiff must show that the misconduct caused some deprivation above and beyond the fact of the prosecution itself.").

[47] Plaintiff also alleges that the defendants are liable to him for state law assault and battery. However, those claims are duplicative, and a part of, plaintiff's excessive force claim. See Chamberlain v. City of White Plains, 986 F. Supp. 2d 363, 398 (S.D.N.Y. 2013).

[48] See Graham v. Connor, 490 U.S. 386, 396 (1989); Saucier v. Katz, 533 U.S. 194, 208 (2001); see also instructions given by Hon. Judge Robert P. Patterson in Butler v. Kibel, et al., 10 CV 7974 (S.D.N.Y. – delivered on February 17, 2012).

means that "evil intentions" will not be considered excessive force if the force that was used was in fact reasonable.[49]

Every person has the right not to be subjected to unreasonable or excessive force by a law enforcement officer.  On the other hand, an officer has the right to use such force as is necessary under a given set of circumstances.  You must determine: 1) whether there was any force used against the plaintiff as plaintiff alleges; 2) if there was force used against the plaintiff as alleged, whether the force was used by the defendants; and 3) if the defendants used force against the plaintiff, whether the force was excessive.  Force is excessively violent if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied under the same circumstances.[50]  In determining whether the constitutional line has been crossed, you must analyze the totality of the circumstances.[51]

Now the Constitution must not be trivialized, the use of force is not uncommon or unusual in the course of restraining an individual.  Not every push or shove by a police officer constitutes excessive force, even if it may later seem unnecessary in the peace and quiet of this courtroom.[52]  Minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest or stop and frisk, and an officer cannot be held liable for every such incident.[53]

---

[49] See Graham, 490 U.S. at 397; Anderson v. Branen, 17 F.3d 552, 559 (2d Cir. 1994); Kash v. Honey, 38 Fed. Appx. 73, 76 (2d Cir. 2002).

[50] Adapted from the instructions given by Hon. Judge Donald E. Walter in Rocky Williams v. City of New York, et al., 01 Civ. 4146 (EDNY).

[51] Plumhoff v. Rickard, 134 S. Ct. 2012, 2020 (2014) (citing Graham, 490 U.S. at 396).

[52] Graham, 490 U.S. at 396

[53] Adapted from the instructions given by Hon. Judge Barbara S. Jones in Pope v. Buttner, 10 CV 4118 (S.D.N.Y. – delivered March 7, 2012); and instructions given by Hon. Judge Andrew J.

You must allow for the fact that police officers are forced to work in circumstances that are tense, uncertain and rapidly evolving. They must make split-second judgments about their actions and about the amount of force that is necessary in a particular situation.[54] The question is only whether the officer's actions are objectively reasonable in light of all the facts and circumstances confronting him. In this regard, you are not to decide if the least amount of force was used but rather you are only to decide if the force that was used, if any, was reasonable.[55]

Because police officers are often forced to make split second judgments about the amount of force that is necessary in a given situation, the "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.[56] You are not to consider the officer's underlying intent or motivation.[57] I also instruct you that negligence does not violate the Fourth Amendment.

Peck in Tsesarskaya v. City of New York, et al., 11 CV 4897 (S.D.N.Y. – delivered on June 13, 2012).

[54] Taken from the instructions given by the Hon. Judge Tucker L. Melançon in Fryar v. Zhen, et al., 10 CV 5879 (E.D.N.Y. – delivered on September 21, 2011).

[55] Taken from the instructions given by the Hon. Judge Brian M. Cogan in Gilliard v. Kibel, et al., 10 CV 5247 (E.D.N.Y. – delivered on January 5, 2012); see also instructions given by Hon. Judge Fredric Block in Stanczyk v. City of New York, et al., 11 CV 0249 (E.D.N.Y. – delivered on March 19, 2013).

[56] See instructions given by Hon. Judge J. Paul Oetken in Choi v. Murdocco, 10 CV 6617 (S.D.N.Y. – delivered November 13, 2012).

[57] Graham, 490 U.S. at 396.

Therefore, you should not consider whether or not the police officer may have negligently or carelessly created an otherwise objectively reasonable need to use force.[58]

### FAILURE TO INTERVENE

As you know, at the time of the acts in question, the defendants were acting in their capacity as police officers. All police officers have an affirmative duty to intervene to protect the constitutional rights of individuals from infringement by other police officers in their presence.  This means that if a police officer, although not directly using excessive force to effectuate an arrest, witnesses another police officer using such force, the first police officer has an affirmative duty to stop the violation.  His failure to do so would make him liable for the preventable harm proximately caused by the other officer's use of excessive force.  This duty only arises, however, if the police officer has a realistic opportunity to intervene to prevent the violation from occurring.  In other words, if you find that the police officer did not have sufficient time to intervene on the individual's behalf, or if he was otherwise incapable of intervening because, for example, he was in the process of arresting another individual, then you should not hold that police officer liable for failing to intervene.[59]

### 3.   *Intent*

As set forth above, to find a deprivation of a constitutional right for purposes of section 1983, a plaintiff must establish not only (a) that the defendants committed the acts

---

[58] See Daniels v. William Sylvesters, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986); Coakley v. Jaffe, 2000 U.S. App. LEXIS 26073, at *2 (2d Cir. 2000); Solana v. New York City Dep't of Corr., 2012 U.S. Dist. LEXIS 161252, at *7 (E.D.N.Y. 2012) (ARR).

[59] Adapted from Jury Instructions given by the Hon. Brian M. Cogan in Kimbrough v. Nixon, et al., 10-CV-1088 (BMC) (E.D.N.Y. delivered on April 7, 2011).

alleged and (b) that those acts caused plaintiff to suffer the loss of a constitutional right, but also (c) that in performing the alleged acts, that the defendants acted intentionally or recklessly.

An act is intentional if it is done knowingly — that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.

In determining whether the defendants acted with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Finally, it is not necessary to find that the defendants specifically intended to deprive plaintiff of his civil rights in order to find in favor of that plaintiff.  Again, plaintiff will have established a deprivation of a constitutional right for purposes of Section 1983 if you find that in performing the acts that caused the loss of plaintiff's constitutional right, the defendants acted intentionally or recklessly, as I have explained the meaning of those terms.

## 2.   SECOND ELEMENT:  PROXIMATE CAUSE

The second element that plaintiff must prove is that defendants' acts were a proximate cause of the injuries plaintiff sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by plaintiff.  If you find that any of defendants' acts or omissions were a substantial factor in bringing about or actually causing plaintiff's injury, that is, if the injury was a *reasonably foreseeable* consequence of any of defendants' acts or omissions, then defendants' acts or omissions were a proximate cause of plaintiff's injuries.  If an injury was a direct result or

a reasonably probable consequence of defendants' acts or omissions, it was proximately caused by such acts or omissions.  Stated another way, if a defendants' act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, plaintiff must show, by a preponderance of evidence, that her injury would not have occurred without the acts or omissions of one or more of the defendants.  If you find that the defendants has proven, by a preponderance of the evidence, that plaintiff complains about an injury that would have occurred even in the absence of defendants' acts or omissions, you must find that the defendants did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.  The defendants are not liable if they did not cause plaintiff's injuries or if plaintiff's injuries were caused by a new or independent source that intervened between the defendants' acts or omissions and plaintiff's injuries and produced a result that was not immediately foreseeable by defendants.[60]

---

[60] Defendants maintain that the defense of qualified immunity is a matter of law for the Court to decide.  Accordingly, defendants reserve the right to submit special interrogatories and/or questions concerning qualified immunity after the close of plaintiff's case-in-chief and at the conclusion of trial.

## PART III:  DAMAGES
### General Instructions[61]

If you find that the plaintiff has proved, by a preponderance of the evidence, all of the elements of his claims for relief, you must then decide if he suffered any injuries as a result of the violation of his rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages.  You should not reach the issue of damages unless you find that the plaintiff has established liability on his claims.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendant is liable to the plaintiff.

Plaintiff is entitled to only one recovery, if at all, sufficient to reasonably compensate him for his injuries.  I therefore instruct you that if you find that plaintiff has prevailed on more than one claim, you may not award additional compensatory damages for the same injury.  You should award an amount of compensatory damages equal to the total damages you believe will fairly and justly compensate plaintiff for the separate injuries he suffered.  But you should not compensate plaintiff for the same injury twice simply because you find defendants liable for multiple claims.

This case involves multiple defendants.  Therefore, you must be careful to award damages only against the defendant or defendants that the plaintiff has proved are liable for that injury.  The fact that the plaintiff proves that one defendant is liable does not necessarily mean that the other defendants are also liable.  Each defendant is entitled to a separate and individual consideration of his liability without regard to your decisions on any other defendant.  If the

---

[61] Adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.2 (2005 Supplement).

plaintiff proves that a particular defendant is liable and responsible for a particular injury, you must impose damages for that particular injury upon that particular defendant.  Keep in mind, however, that plaintiff can recover only once for his injury, because the law disallows double recoveries.

Should you decide that the plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and nominal damages.  I will explain the law concerning each of these types of damages to you.

### Compensatory Damages[62]

If you return a verdict for the plaintiff, then you may award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendant.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that he has proven by a preponderance of the credible evidence.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered, or that the plaintiff is reasonably likely to suffer in the future.

Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of credible evidence to have been the direct result of conduct by the defendant you have found liable.  That is, you may not simply award actual

---

[62] Unless otherwise cited, all paragraphs in this section, entitled "Compensatory Damages", were adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.1 (2005 Supplement).

damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of actions by the defendant, and that are a direct result of conduct by the defendant that was a violation of plaintiff's rights.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of his rights at issue here. You may, however, compensate the plaintiff to the extent that you find that he was further injured by defendant's violations of his rights.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

There is no claim in this case that the plaintiff sustained any loss of income or other economic loss. So, in calculating compensatory damages, you may not include any amount for such losses.

**<u>Nominal Damages</u>**[63]

If you return a verdict in the plaintiff's favor on his claim for false arrest, but find that she failed to meet her burden of proving, by a preponderance of the credible evidence, that

---

[63] MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.03.1 (2005 Supplement).

she suffered any actual injury, then you must return an award of damages in some nominal or token amount, not to exceed the sum of one dollar.  Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

Nominal damages may be awarded when the plaintiff has been deprived of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.  Smith v. Wade, 461 U.S. 30, 52-56 (1983).  Therefore, if you find that the plaintiff has suffered no injury as a result of the defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

## Punitive Damages[64]

Plaintiff also seeks punitive damages in this case.  If plaintiff has proven by the preponderance of the evidence that a particular defendant is liable, then you may, but you are not required, to determine whether the plaintiff is entitled to punitive damages.

In order to be entitled to punitive damages, you must find that the plaintiff has clearly established that the acts of the defendant causing the proven injury were wanton or showed a callous or reckless disregard for the rights of others.  The purpose of punitive damages is to punish for shocking conduct and to set an example to deter others from the commission of similar offenses in the future.

However, punitive damages are not awarded as a matter of right but are awarded only if you believe a particular defendant acted so outrageously and evidenced such a degree of

---

[64] Defendants object to a punitive damages charge as the evidence does not support any inference that the defendants acted wantonly or in willful disregard of plaintiff's rights.

malice or callousness that an example and deterrent needs to be provided to assure that the Defendant and others will be less likely to engage in such conduct in the future.

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate only to the need to punish and deter.

### Attorneys' Fees

Additionally, federal law provides for a separate award of attorneys' fees should the plaintiff prevail in this case. The award of attorneys' fees in such circumstances is a matter to be determined by the Court. Accordingly, if you award any damages to the plaintiff, you should not take into consideration the fees that the plaintiff may have to pay his attorneys.[65]

### Damages: Final Word

Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any actual damages were proved by a preponderance of the evidence by plaintiff in this case according to the instructions I have given to you.

### PART IV. CONCLUDING INSTRUCTIONS

### Selection of Foreperson; Right to See Exhibits and Hear Testimony:

### Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

---

[65] Adapted from the instructions given in <u>Manigault</u>, 11 CV 4307 (S.D.N.Y. July 18, 2012).

You will be bringing with you into the jury room a copy of my instructions of law.  I will shortly send you as well a verdict form on which to record your verdict.  [If you want to see any of the exhibits, please send me a note requesting the exhibits you'd like to review.]

If you want any of the testimony, that can also be provided, either in transcript or readback form.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations.  After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

## Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous.  In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation: to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered.  On the other hand, you should not hesitate to change

or modify an earlier opinion that, after discussion with your fellow jurors, no longer persuades you.

Dated:          New York, New York
                February 16, 2018

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants Medina, Ostrander, Perez,*
                                        *Moreno, and Polanco*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-2371/2658


                                        By:         /s/
                                                    _____
                                                    Karl Ashanti
                                                    *Senior Counsel*

                                                    Maria Fernanda DeCastro
                                                    *Assistant Corporation Counsel*