15-CV-917 (VMS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERTO ARROYO,

Plaintiff,

-against-

POLICE OFFICER BERCIDES MEDINA,
POLICE OFFICER BRETT OSTRANDER,
POLICE OFFICER JESUS PEREZ,
SERGEANT JUAN MORENO, POLICE
OFFICER PAUAL POLANCO, POLICE
OFFICER ISMET MURATOVIC, SHIELD
No. 30125, and SERGEANT MICHAEL
MALONE,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, NY  10007*

*Of Counsel:  Karl Ashanti and Maria DeCastro*
*Tel:  (212) 356-2371/2658*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......................................................................................... iii

POINT I

DEFENDANTS SHOULD BE ALLOWED TO INTRODUCE EVIDENCE CONCERNING PLAINTIFF'S SEPTEMBER 23, 2014 ARREST.........................................................2

    A.   Plaintiff's Motion To Withdraw Claims Regarding The September 23, 2014 Arrest And To Preclude Defendants From Mentioning That Arrest Is Untimely, Drastic And Unwarranted ............................................ 2

    B.   Preclusion Would Unfairly Prejudice The Police Officers Whose Reputations Have Been Damaged By Plaintiff's Allegations And Would Waste City Resources ................................................................. 3

    C.   Preclusion Would Unjustly Deprive The Jury Of Relevant Facts................................................................ 4

    D.   Preclusion Would Result In Unfairly Weakened Cross-Examination................................................... 5

    E.   Alternatively, Plaintiff Should Be Required To Withdraw Claims Concerning The September 23, 2014 Arrest With Prejudice And Be Ordered To Pay Prevailing Party Costs And Sanctions To Defendants.................................. 6

POINT II

PLAINTIFF'S RECEIPT OF WELFARE BENEFITS, SOCIAL SERVICES, MEDICAID BENEFITS AND/OR UNEMPLOYMENT BENEFITS................................................ 7

POINT III

DEFENDANTS SHOULD BE ALLOWED TO INTRODUCE EVIDENCE REGARDING PLAINTIFF'S ARREST AND INCARCERATION HISTORY. ...................................... 8

    A.   Defendants Should Be Permitted To Introduce Plaintiff's Prior Arrests, Convictions, And Incarcerations As They Are Relevant To Controvert His Claims Of Emotional Injury ............................... 8

**Page**

    B.    Defendants Should be Permitted To Introduce Plaintiff's Prior Felony Conviction............................................... 10

    C.    Defendants Should Be Permitted To Introduce Plaintiff's Prior Arrests And Incarcerations For Impeachment.................................................................... 11

POINT IV

DEFENDANTS SHOULD BE PERMITTED TO ELICIT TESTIMONY OF, AND CROSS EXAMINE PLAINTIFF WITH, THE INFORMATION CONTAINED IN PLAINTIFF'S PLEADINGS AND DISCOVERY RESPONSES SUBMITTED IN THE INSTANT CASE...........................................12

POINT V

EVIDENCE CONCERNING THE DEFENDANTS' MILITARY SERVICE, COMMUNITY SERVICE AND/OR CIVIC SERVICE. .................................................................. 14

POINT VI

DEFENDANTS SHOULD BE ALLOWED TO INTRODUCE THE TESTIMONY OF REGISTERED NURSE JAMES SCHINAZI.................................................... 14

CONCLUSION.................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                      <u>Pages</u>

Banks v. Yokemick,
  2014 F. Supp. 2d 401 (S.D.N.Y. 2002)...................................................................12

Banushi v. Palmer,
  No. 08 Civ. 2937 (KAM),
  2011 U.S. Dist. LEXIS 419 (E.D.N.Y. Jan. 4, 2011) ............................................9

Cicero v. City of New York,
  11 Civ. 360 (NGG) (CLP), 2011 U.S. Dist. LEXIS 80880
  (E.D.N.Y. July 25, 2011) .......................................................................................9

Clarke v. Castro,
  No. 10 CV 6330 (HBP), (S.D.N.Y. Aug. 1, 2012) ...............................................12

Daniels v. Loizzo,
  986 F. Supp. 245 (S.D.N.Y. 1997) .......................................................................10

Djangmah v. Falcione,
  08 Civ. 4027 (KPF), 2013 U.S. Dist. LEXIS 172324 (S.D.N.Y. Dec. 5, 2013).....10

Earl Manigault v. City of New York, et al.,
  11 CV 4307, Docket ............................................................................................11

Elgard Corp. v. Brennan Const. Co.,
  248 F. App'x 220 (2d Cir. 2007) ..........................................................................13

Ellis v. City of N.Y.,
  06 Civ. 4827 (LTS), slip op. (S.D.N.Y. June 18, 2007) .........................................9

Link v. Wabash R. Co.,
  370 U.S. 626 (1962)..............................................................................................13

People v. Smith,
  27 N.Y.3d 652, 36 N.Y.S.3d 861, 58 N.E.3d 53 (2016)..........................................4

Phillips v. City of New York,
  871 F. Supp. 2d 200 (E.D.N.Y. 2012) ....................................................................9

Ramos v. Cnty. of Suffolk,
  707 F. Supp. 2d 421 (E.D.N.Y. 2010) ...............................................................9, 10

S.E.C. v. McNulty,
  137 F.3d 732 (2d Cir. 1998)..................................................................................13

**Cases**                                                                                     **Pages**

Schiller v. City of N.Y.,
    No. 04 Civ. 7922 (KMK), 2006 U.S. Dist. LEXIS 88854
    (S.D.N.Y. Dec. 7, 2006)..................................................................................9

T.B. Proprientary Corp. v. Sposato Builders, Inc.,
    41 U.S.P.Q.2D (BNA) 1120
    (E.D.Pa. November 22, 1996)........................................................................7

Udemba v. Nicoli,
    237 F.3d 8 (1st Cir. 2001).............................................................................8

United States v. Estrada,
    430 F.3d 606 (2d Cir. 2005)........................................................................11

Wilson v. City of N.Y.,
    No. 06 Civ. 229 (ARR), 2006 U.S. Dist. LEXIS 90050
    (E.D.N.Y. Dec. 13, 2006)..............................................................................9

Wisdom v. Undercover Police Officer #C0127,
    879 F. Supp. 2d 339 (E.D.N.Y. 2012) ..........................................................8

**Statutes**

Fed. R. Civ. P. 11.................................................................................................2, 7, 13

Fed. R. Civ. P. 54(d)(1).............................................................................................2, 6

Fed. R. Civ. P. 402......................................................................................................9

Fed. R. Civ. P. 403....................................................................................................10

Fed. R. Civ. P. 404(a)(1)...........................................................................................16

Fed. R. Civ. P. 404(b).................................................................................................8

Fed. R. Civ. P. 608(b)...............................................................................................12

Fed. R. Civ. P. 609(a)(1)...........................................................................................11

Fed. R. Civ. P. 609(b)...............................................................................................11

Fed. R. Civ. P. 609(a)(1)(A)......................................................................................10

Fed. R. Civ. P. 803(3)...............................................................................................15

N.Y. Penal Law § 220.39..........................................................................................11

**Statutes**                                                                                   **Pages**

NYC Local Law 166.................................................................................................4

§ 1983.................................................................................................................3, 8

**Other Authorities**

4 Weinstein's Federal Evidence § 609.04[2][a], at 609-20 (1997)...............................11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROBERTO ARROYO,

                                        Plaintiff,

              -against-

POLICE OFFICER BERCIDES MEDINA, POLICE
OFFICER BRETT OSTRANDER, POLICE OFFICER
JESUS PEREZ, SERGEANT JUAN MORENO, POLICE
OFFICER PAUAL POLANCO, POLICE OFFICER
ISMET MURATOVIC, SHIELD No. 30125, and
SERGEANT MICHAEL MALONE,

                                        Defendants.
------------------------------------------------------------------------ x

**DEFENDANTS'
OPPOSITION TO
PLAINTIFF'S MOTIONS *IN
LIMINE***

15-CV-917 (VMS)

   Defendants Police Officers Bercides Medina, Brett Ostrander, Jesus Perez, Paual Polanco and Sergeant Juan Moreno, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this memorandum of law in opposition to plaintiff's motion *in limine*.

   Plaintiff moves *in limine* to preclude defendants from introducing at trial: (1) evidence and testimony regarding plaintiff's arrest on September 23, 2014; (2) plaintiff's receipt of welfare/public assistance benefits, social services, Medicaid benefits, and unemployment benefits; (3) plaintiff's arrest history; (4) plaintiff's criminal history; (5) the pleadings and discovery responses; (6) testimony regarding defendants' military service, community service, and/ or civic service; and (7) character evidence.

   For the reasons set forth below, and in defendants' motions *in limine* dated February 7, 2018, defendants respectfully submit that plaintiff's motions *in limine* should be denied.

<u>POINT I</u>

**<u>DEFENDANTS SHOULD BE ALLOWED TO
INTRODUCE EVIDENCE CONCERNING
PLAINTIFF'S SEPTEMBER 23, 2014 ARREST</u>**

In his motions in limine, plaintiff seeks to: 1) withdraw all claims relating to his arrest on September 23, 2014 ("September 23, 2014 arrest"); and 2) preclude defendants from introducing any evidence concerning that September 23, 2014 arrest. (Plaintiff's Memorandum of Law in Support of His Motions In Limine ("Pl.'s MIL"), at pp. 2 – 3) For a myriad of reasons, as set forth below, plaintiff's motion should be denied in its entirety concerning this issue. Alternatively, if the Court enables plaintiff to withdraw all claims relating to the September 23, 2014, the Court should: 1) require such dismissal to be with prejudice; 2) award defendants prevailing party costs under Rule 54(d)(1); and 3) issue sanctions against plaintiff for his brazen violation of Rule 11.

**A. Plaintiff's Motion To Withdraw Claims Regarding The September 23, 2014 Arrest And To Preclude Defendants From Mentioning That Arrest Is Untimely, Drastic And Unwarranted**

As an initial matter, it must be noted that this motion by plaintiff is a radical request, which, if granted, would drastically alter the landscape of this case and fundamentally change the scope of trial at the eleventh hour, with plaintiff having failed to provide the Court with any justification therefor. Plaintiff's last minute attempt to essentially amend the complaint for a fourth time, if successful, would have dire consequences, as it would not only unfairly prejudice defendants but also interfere with the ability of the Court to adjudicate an efficient and orderly trial before the jury.

For example, the parties' final Joint Pre-Trial Order ("JPTO"), which was filed with the Court on January 12, 2018: 1) lists the officers involved in the September 23, 2014 arrest – Police Officer Brett Ostrander and Police Officer Paual Polanco - as defendants; 2) refers

to claims pertaining solely to the September 23, 2014 arrest as claims to be tried; and 3) contains exhibits pertaining solely to the September 23, 2014 arrest as documentary evidence to be presented at trial.  JPTO, Docket Entry No. 64.  Thus, issues relating to the September 23, 2014 are an indelible part of the case, and the preclusion of all evidence concerning that incident would lead to jury confusion, would burden the Court as the Court presides over the trial and would unfairly prejudice defendants who have already been preparing for trial with the understanding that defendants would try some issues relating solely to plaintiff's September 23, 2014 arrest.

### B. Preclusion Would Unfairly Prejudice The Police Officers Whose Reputations Have Been Damaged By Plaintiff's Allegations And Would Waste City Resources

Any such preclusion would be particularly unfair to Officer Ostrander and Officer Polanco, who, due to plaintiff's unilateral and now apparently unjustified decision to hale them into court, have been forced to litigate the claims concerning plaintiff's September 23, 2014 arrest for nearly three (3) years, as plaintiff's original complaint was filed on or about February 20, 2015.  (Docket Entry No. 1)  In so doing, Officers Ostrander and Polanco have had to make several appearances specifically in regard to this litigation, were removed from their regular duties in the process and, for the duration of those multiple appearances, were unable to conduct police activities.   Thus, the City and its citizens were deprived of the officers' potential contributions.  If plaintiff were to have his way, that deprivation of police resources, instead of being a necessary condition of the adjudication of civil rights claims under Section 1983, would be in <u>vain</u>, serving no purpose whatsoever.  Such a result would be the very definition of a waste of City resources.

Moreover, Officers Ostrander and Polanco have had this case looming over their lives like a dark cloud for that entire three (3) year period of time, plaintiff having accused them

of, *inter alia*, punching and kicking plaintiff, as well as dragging him on concrete, arresting him without probable cause and falsifying their account of plaintiff's conduct to the Kings County District Attorney's Office.  (Third Amended Complaint, ¶¶47, 49 and 51)  In addition, a new municipal regulation and a recent judicial decision signify that the record of this lawsuit will follow these officers wherever they go for the remainder of their lives in law enforcement, if not beyond.

Specifically, the municipal regulation, NYC Local Law 166, requires information concerning all false arrest and excessive force related lawsuits against police officers to be publicized, and the New York Court of Appeals' ruling in People v. Smith, 27 N.Y.3d 652, 36 N.Y.S.3d 861, 58 N.E.3d 53 (2016), allows police officers to be cross-examined in criminal trials concerning allegations deriving from all lawsuits on their records.  While the Smith decision applies to all cases, regardless of outcome, if plaintiff were permitted to withdraw claims pertaining to the September 23, 2014 arrest at this late hour, Officers Ostrander and Officer Polanco, having been deprived of the opportunity to defend their names, would be forced to be confronted with plaintiff's allegations without the potential benefit of being able to state in response to such cross-examination that they were exonerated.  In short, these officers deserve a chance at vindication, which is why plaintiff's motion should be denied.

### C.  Preclusion Would Unjustly Deprive The Jury Of Relevant Facts

If defendants were precluded from making any mention of the September 23, 2014 arrest, as plaintiff seeks, the jury would be severely handicapped in its effort to align its factual findings with the truth of what occurred during both incidents.  In essence, the jury would be deprived of one-half of a picture of the events that underlie this lawsuit.  Such an outcome would be especially unjust and prejudicial to defendants given the fact that it was plaintiff who put his own conduct and the conduct of the defendant officers at issue by bringing this action and

making the allegations, *inter alia*, that he was falsely arrested and subjected to excessive force during the course of both arrests. The jury deserves to know the whole story concerning this lawsuit, not the skewed and incomplete version of events that plaintiff hopes to present. For that reason alone, plaintiff's motion to preclude defendants from mentioning the September 23, 2014 arrest should be denied.

### D.  Preclusion Would Result In Unfairly Weakened Cross-Examination

Defendants must be allowed to introduce evidence and elicit testimony concerning the September 23, 2014 arrest, especially on cross-examination. If not, defendants will be hindered in their use of plaintiff's deposition for the purpose of impeachment. In short, because plaintiff's deposition testimony combines and frequently conflates both incidents, especially from the standpoint of alleged damages, precluding defendants from mentioning the September 23, 2014 arrest would be highly prejudicial and patently unfair to defendants, as it would give plaintiff an unwarranted advantage at trial.

For example, in plaintiff's deposition testimony, plaintiff was asked whether he has "any psychological damages as a result of that first incident [on September 1, 2014]" and responded: "I don't like them around me…I don't like no officers around me." (Excerpts from the Transcript of the Deposition of Roberto Arroyo ("Arroyo Dep."), dated March 7, 2016, p. 123, line 25 through p. 124, line 4, a copy of which is annexed hereto as Exhibit "A") When questioned on whether he has any *additional* psychological injuries stemming from the September 1, 2014 incident, plaintiff vaguely responded: "Emotionally. That's it." (Arroyo Dep., p. 124, line 5 through line 9, Exhibit "A") When plaintiff was later questioned on whether he sustained any psychological or emotional injuries as a result of the second incident on September 23, 2014, plaintiff similarly responded: "Emotional." (Arroyo Dep., p. 167, line 12 through line 18, Exhibit "A") When asked to specify what emotional injuries he sustained as a

result of the September 23, 2014 incident, plaintiff gave essentially the same response as when questioned about the first incident: "Stressed out. Don't like them around me. Feel threatened when they're around me.  All different types of things going on with these cops."  (Arroyo Dep., p. 167, line 22 through line 25, Exhibit "A")

Thus, as demonstrated above, plaintiff describes his emotional damages *in toto*, without parsing out what level or percentage of emotional damages allegedly stem from the September 1, 2014 arrest and what level or percentage of emotional damages stem from the September 23, 2014, it would be impossible for the jury to assess plaintiff's alleged emotional damages without conflating the two, as it is impossible to distinguish where plaintiff's damages claim as to either incident begins or ends.  The predictable result will be vast jury confusion and murky territory for related rulings by the Court.  In light of this reality, plaintiff's motion should be denied.

### E.   Alternatively, Plaintiff Should Be Required To Withdraw Claims Concerning The September 23, 2014 Arrest With Prejudice And Be Ordered To Pay Prevailing Party Costs And Sanctions To Defendants

If the Court is inclined to permit plaintiff to withdraw claims pertaining to the September 23, 2014 arrest ("September 23rd claims") at this late juncture, practically on the eve of trial, the Court should direct that plaintiff must withdraw such claims with prejudice and, as such, defendants should receive prevailing party costs under Rule 54(d)(1).

Plaintiff's request to withdraw is, by itself, an admission that the September 23rd claims against defendants Ostrander and Polanco are frivolous and lacked any merit from the onset of litigation.  Therefore, it is a tacit acknowledgement that the merits of the September 23rd claims can and should be formally resolved in defendants' favor.  Moreover, for the reasons set forth above, and in the interests of fairness and justice, if plaintiff is allowed to withdraw the

September 23rd claims, defendants should be allowed to introduce evidence concerning the September 23, 2014 arrest to avoid the unfair prejudice described above.

Also, if plaintiff is allowed to withdraw these claims, the Court should issue sanctions against plaintiff for his gross misuse of the judicial process, as plaintiff had an obligation under Rule 11 not to bring frivolous claims against these officers but did so anyway. Cf. T.B. Proprietary Corp. v. Sposato Builders, Inc., 41 U.S.P.Q.2D (BNA) 1120, 1122-1123 (E.D.Pa. November 22, 1996) (finding that "last minute" withdrawal of "unjustified claim" was evidence of "abuse" or "perversion" of civil litigation.)  Having violated Rule 11, plaintiff now seeks to be rewarded for that violation by gaining a strategic advantage at trial through preclusion.  Justice, and indeed Rule 11 itself, requires that plaintiff be held accountable for not only filing frivolous claims pertaining to the September 23, 2014 arrest but for litigating such claims for three (3) years.   Accordingly, plaintiff should be required to withdraw claims concerning the September 23, 2014 arrest with prejudice and should be ordered to pay prevailing party costs and sanctions to defendants.

## POINT II

### PLAINTIFF'S RECEIPT OF WELFARE BENEFITS, SOCIAL SERVICES, MEDICAID BENEFITS AND/OR UNEMPLOYMENT BENEFITS.

Defendants have no intention of seeking to cross-examine plaintiff regarding his receipt of welfare benefits, social services, medicaid benefits and/or unemployment benefits unless these issues somehow become relevant at trial.  In the unlikely event defense counsel determines that plaintiff has opened the door to such questioning, defendants will first seek permission from the Court outside of the presence of the jury to inquire on one or more these subjects.

<u>**POINT III**</u>

**DEFENDANTS SHOULD BE ALLOWED TO INTRODUCE EVIDENCE REGARDING PLAINTIFF'S ARREST AND <u>INCARCERATION HISTORY.</u>**

**A. Defendants Should Be Permitted To Introduce Plaintiff's Prior Arrests, Convictions, And Incarcerations As They Are Relevant To Controvert His Claims Of Emotional Injury**

Defendants should be permitted to inquire and offer evidence related to plaintiff's prior arrests, convictions and/or incarcerations as they will aid the jury in evaluating plaintiff's purported injury. If the jury finds liability, plaintiff's prior arrests/incarcerations become extremely important as they will bear on the jury's decision regarding damages. A jury may be inclined to award a greater amount of damages to a plaintiff who they believe has never experienced a prior detention and/or arrest as compared to an individual who has a history of arrests/incarceration.

Plaintiff's argument that his prior arrests/incarcerations are irrelevant is incorrect and against the weight of authority in this Circuit. Plaintiff's prior arrests and incarcerations are relevant to controvert his claims for emotional distress caused by his arrest. Further, admitting evidence of other bad acts to assist the jury in measuring the extent of damages in a Section 1983 action is a legitimate, non-character-based use of such evidence, and hence is not precluded by Rule 404(b). See Udemba v. Nicoli, 237 F.3d 8, 12 (1st Cir. 2001); see also, Wisdom v. Undercover Police Officer #C0127, 879 F. Supp. 2d 339, 342 (E.D.N.Y. 2012) ("Wisdom's request to preclude evidence of his prior arrests is denied. The parties agree that such evidence is relevant to the issue of damages . . . and cases in this circuit support that argument.") (citing Cicero v. City of New York, 11 Civ. 360 (NGG) (CLP), 2011 U.S. Dist. LEXIS 80880 (E.D.N.Y. July 25, 2011)). In fact, courts in this Circuit routinely allow inquiry into a plaintiff's

arrest history for the purposes of emotional damages.  See, e.g., Ellis v. City of N.Y., 06 Civ. 4827 (LTS), slip op. at 2 (S.D.N.Y. June 18, 2007) (permitting inquiry into length of detention in connection with prior arrests); Schiller v. City of N.Y., No. 04 Civ. 7922 (KMK), 2006 U.S. Dist. LEXIS 88854, at *24-25, 25 n.9 (S.D.N.Y. Dec. 7, 2006) (finding information about prior and subsequent arrests relevant to issue of damages for emotional distress); Cicero, supra, 2011 U.S. Dist. LEXIS 80880 at *12 (a plaintiff who has previously been incarcerated "may suffer less damage as a result of a subsequent wrongful incarceration.") (quotation omitted); Ramos v. Cnty. of Suffolk, 707 F. Supp. 2d 421, 424 (E.D.N.Y. 2010) (permitting defendant to question plaintiff about whether she had ever been arrested prior to and after the incident that was the subject of the litigation because the fact of the arrest "affected the plaintiff's claim for emotional distress damages," but precluding defendant from "go[ing] into what the reason for the arrest is"); Banushi v. Palmer, No. 08 Civ. 2937 (KAM), 2011 U.S. Dist. LEXIS 419, at *7-9 (E.D.N.Y. Jan. 4, 2011) (deeming plaintiff's prior arrest and incarceration history relevant to a jury's determination of emotional damages under Rule 402); Wilson v. City of N.Y., No. 06 Civ. 229 (ARR), 2006 U.S. Dist. LEXIS 90050, at *1-2 (E.D.N.Y. Dec. 13, 2006) ("one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never been detained."); Phillips v. City of New York, 871 F. Supp. 2d 200, 207 (E.D.N.Y. 2012) ("Plaintiff seeks emotional damages resulting from Defendants' actions. Accordingly, Defendants will be permitted to ask Plaintiff if he has previously been arrested and if he has previously been incarcerated. Defendants may also inquire into the dates and duration of Plaintiff's prior incarcerations."); Ramos, supra, 707 F. Supp. 2d at 424 ("The Court ruled that the fact of the arrest was admissible because it affected the plaintiff's claim for emotional distress damages, but that the reason for the arrest was not admissible.") (emphasis in original).

Of significant importance in this case is the fact that has been arrested by the New York City Police Department twenty-one (21) other times, *excluding* the two arrests that underlie this matter.  Because plaintiff is no stranger to the criminal justice system, his detention at issue in this case must be placed in proper context for the jury.  Defendants should be permitted to inform the jury that plaintiff's damages – particularly any damages for mental anguish attendant to his imprisonment – were mitigated by his earlier encounters with the criminal justice system.  Aside from the conviction mentioned in Point III, *infra*, defendants simply seek permission to elicit from plaintiff the number of times he has been arrested and the amount of time he has spent incarcerated without going into any additional detail.

### B.  Defendants Should be Permitted To Introduce Plaintiff's Prior Felony Conviction

Defendants seek to offer evidence of plaintiff's 2015 conviction for Attempted Criminal Sale of a Controlled Substance in the Third Degree under FRE 609(a)(1)(A).  FRE 609(a)(1)(A) provides that a felony conviction "must be admitted, subject to Rule 403."  A "Court must admit such evidence unless it determines that the evidence's prejudice outweighs its value as proof."  Djangmah v. Falcione, 08 Civ. 4027 (KPF), 2013 U.S. Dist. LEXIS 172324, *35-36 (S.D.N.Y. Dec. 5, 2013).  "In balancing probative value against prejudicial effect under this rule, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." Daniels v. Loizzo, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing 4 Weinstein's Federal Evidence § 609.04[2][a], at 609-20 (1997)).

Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully.  See United States v. Estrada, 430 F.3d 606, 617 (2d Cir. 2005) (citation omitted).  If plaintiff testifies, the fact of a recent felony conviction – less

than ten years old – goes to his character for truthfulness.  <u>See</u> Order from the Honorable Lewis

Kaplan, United States District Judge for the Southern District of New York, dated July 29, 2012,

<u>Earl Manigault v. City of New York, et al.</u>, 11 CV 4307 (LAK), Docket Entry #63 ("<u>Manigault</u>

Order"), annexed to DeCastro's Decl. as Exhibit "A," p. 2.

   Here, plaintiff has a 2015 criminal conviction for Attempted Criminal Sale of a

Controlled Substance in the Third Degree.  Attempted Criminal Sale of a Controlled Substance

in the Third Degree is a class C Felony. N.Y. Penal Law § 220.39.  That conviction does not in

any way bear on plaintiff's alleged conduct in this action and, thus, there is no risk of unfair

prejudice to plaintiff whereby a jury imputes his past criminal conduct to an ultimate issue of

fact.  Specifically, defendants do not allege that plaintiff sold or attempted to sell a controlled

substance in connection with the underlying incidents.  Last, the importance of plaintiff's

credibility is paramount since there is a direct dispute of fact between plaintiff and the

defendants over what happened.  Accordingly, defendants should be permitted to elicit on cross-

examination that plaintiff has been convicted of one felony in the past ten years.  Rule 609(b).

### C. Defendants Should Be Permitted To Introduce Plaintiff's Prior Arrests And Incarcerations For Impeachment

   To the extent plaintiff testifies inaccurately or falsely at trial with respect to his

prior arrests, evidence of those arrests should be admissible for impeachment purposes.  If

plaintiff opens the door to such a line of questioning, defendants should be permitted to inquire

into plaintiff's misrepresentations under oath regarding his arrest history in order to attack his

character for truthfulness under Rule 608(b).

- 11 -

<u>POINT IV</u>

**DEFENDANTS SHOULD BE PERMITTED TO ELICIT TESTIMONY OF, AND CROSS EXAMINE PLAINTIFF WITH, THE INFORMATION CONTAINED IN PLAINTIFF'S PLEADINGS AND DISCOVERY RESPONSES SUBMITTED IN THE INSTANT CASE.**

Plaintiff argues in Point V of his motions *in limine* that defendants should be precluded from using the pleadings and discovery responses in the instant matter at trial because "the complaints and discovery responses are not sworn statements by the plaintiff" and are merely "legal documents" that are "not attributable directly to plaintiff."  (Pl.'s MIL at p. 7)  Although these "legal documents" were likely prepared by plaintiff's attorney, they are nonetheless *plaintiff's* admissions made through his attorney, and, therefore, plaintiff should be bound by the acts of his lawyer-agent and any representations plaintiff's counsel has made on plaintiff's behalf.

As an initial matter, "[a] party can make admissions in several ways – in deposition testimony, in statements outside of court, in interrogatory answers, in pleadings . . ." <u>Clarke v. Castro</u>, No. 10 CV 6330 (HBP), at p. 10, (S.D.N.Y. Aug. 1, 2012).  Further, pleadings are considered judicial admissions, and such admissions bind the party making the admission. <u>Banks v. Yokemick</u>, 2014 F. Supp. 2d 401, 405 (S.D.N.Y. 2002).  Additionally, while "[t]he prevailing view is that interrogatory answers are not binding judicial admissions that obviate the need for evidence and preclude the offering of evidence that would contradict the admissions; a party is ordinarily free to take a position and offer evidence that contradicts an interrogatory answer." <u>Clarke</u>, No. 10 CV 6330 (HBP), at p. 10.  Further, Courts in this Circuit have held that, to the extent a party contradicts his or her pleadings and/or interrogatory answers, the party can be *cross-examined on the change of position* or false statement provided under oath. <u>Id.</u> at

11.   Finally, contrary to plaintiff's arguments, "the conduct of an attorney is imputed to his client, for allowing a party to evade 'the consequences of the acts or omissions of [] his freely selected agent' 'would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.'" S.E.C. v. McNulty, 137 F.3d 732, 739 (2d Cir. 1998), quoting Link v. Wabash R. Co., 370 U.S. 626, 633-34 (1962); accord. Elgard Corp. v. Brennan Const. Co., 248 F. App'x 220, 222 (2d Cir. 2007).

            In the instant case, plaintiff sets forth several admissions in his pleadings, including the Third Amended Complaint, regarding the underlying facts of the incidents at issue. To the extent plaintiff testifies inconsistently with respect to his responses to defendants' discovery demands or the pleadings, defendants should be permitted to cross-examine plaintiff on any such inconsistencies.

            Moreover, plaintiff's argument that "defendants cannot attribute any statements in the pleadings or response to plaintiff" is perplexing.  Pursuant to Federal Rule of Civil Procedure 11, plaintiff's counsel, by signing the pleadings and discovery responses, represents that the factual contentions contained therein "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."   Clearly, there was (or should have been) a basis for counsel including the information contained in the pleadings and responses.  To the extent information contained within the discovery responses was *not* obtained from the plaintiff himself, the source of that information should have been disclosed during discovery and to date, the information has not been provided to defendants.

Accordingly, defendants respectfully submit that they should be permitted to utilize the pleadings and discovery responses in this case to cross-examine plaintiff with respect to any inconsistent statements.

### POINT V

### EVIDENCE CONCERNING THE DEFENDANTS' MILITARY SERVICE, COMMUNITY SERVICE AND/OR CIVIC SERVICE.

Defendants have no intention of introducing evidence concerning the defendant officers' military service, community service and/or civic service.  However, in the unlikely event defense counsel determines that plaintiff has opened the door to such questioning, defendants will first seek permission from the Court outside of the presence of the jury to inquire on one or more these subjects.

### POINT VI

### DEFENDANTS SHOULD BE ALLOWED TO INTRODUCE THE TESTIMONY OF REGISTERED NURSE JAMES SCHINAZI.

Defendants intend to call registered nurse ("RN") James Schinazi of Kingsbrook Jewish Medical Center ("Kingsbrook") at trial as a *fact witness* to inform the jury of what happened while plaintiff was receiving medical treatment at that hospital following his arrest on September 23, 2014 ("September 23, 2014 arrest").  Contrary to plaintiff's argument, defendants do not intend to introduce RN Schinazi's testimony for the purpose of establishing "improper character evidence."  (Pl.'s MIL at p. 8)  As plaintiff was in police custody at the time of plaintiff's visit to Kingsbrook for medical treatment relating to the September 23, 2014 arrest, the jury is entitled to know what happened during that period of the second incident, especially since plaintiff is alleging to have been subjected to excessive force as a result of that arrest.

Plaintiff's conduct at Kingsbrook is relevant not only to provide the jury with information concerning plaintiff's alleged injuries, in order for the jury to determine the extent of injury, if any, but also to enable the jury to evaluate plaintiff's *credibility* concerning his denial of having publicly consumed an alcoholic beverage.  To the extent that the jury deems plaintiff's behavior, as observed by RN Schinazi, to be consistent with that of a person who had recently consumed alcohol, the more likely the jury is to find that plaintiff is not credible.  Moreover, regardless of what ultimate determination the jury makes as to plaintiff's credibility, defendants are entitled to present evidence of what occurred at Kingsbrook to enable the jury to make that evaluation.

Moreover, plaintiff's behavior in the emergency room of Kingsbrook is relevant to plaintiff's *state of mind* at the time of his arrest which is at the heart of the trial, given plaintiff's claim that he had not being consuming alcohol publicly and defendants' position that he had.  Thus, the RN Schinazi's notes within the Kingsbrook medical records which reflect plaintiff's behavior and demeanor are admissible hearsay evidence of plaintiff's state of mind under FRE 803(3).  RN Schinazi's testimony on the same topic is likewise admissible.

Finally, it is apparent that plaintiff's only purpose in seeking to preclude defendants from presenting such evidence to the jury is to hide the truth concerning plaintiff's behavior at the hospital, thereby presenting a false narrative to the jury as to the events relating to plaintiff's September 23, 2014 arrest.  There is no support for such an untoward purpose within the Federal Rules of Evidence.  Because, as set forth above, the presentation of a *factual* account of events relating to plaintiff's treatment for his alleged injuries through RN Schinazi's testimony, and the use of that account for the jury's evaluation of plaintiff's credibility and state

of mind, is not prohibited character evidence under FRE 404(a)(1), defendants should be allowed to introduce such testimony at trial.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that plaintiff's motions *in limine* be denied in their entirety.

Dated:          New York, New York
                February 16, 2018

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants*
                                        100 Church Street
                                        New York, New York 10007


                                        By:             /s/
                                        _____

                                        Karl J. Ashanti
                                        Senior Counsel
                                        (212) 356-2371


                                        By:             /s/
                                        _____

                                        Maria Fernanda DeCastro
                                        Assistant Corporation Counsel
                                        (212) 356-2658

CC:     **VIA ECF**