UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ROBERTO ARROYO,                                         :
                                                        :
              Plaintiff,               :
                                                        :          **MEMORANDUM & ORDER**
  -against-                                            :
                                                        :          15 Civ. 917 (VMS)
OFFICER BERCIDES MEDINA, BRETT                          :
OSTRANDER, JESUS PEREZ, SERGEANT                        :
JUAN MORENO, OFFICER PAUAL                              :
POLANCO,                                                :
                                                        :
              Defendants.              :
                                                        :
                                                        :
                                                        :
                                                        :
                                                        :
                                                        :
----------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

      On February 7, 2018, Plaintiff filed motions in limine, requesting that the Court: (1) preclude Defendants from making any reference to Plaintiff's arrest on September 23, 2014; (2) preclude Defendants from making any reference to Plaintiff's receipt of certain public benefits; (3) preclude Defendants from introducing testimony regarding Plaintiff's arrest history; (4) preclude Defendants from using Plaintiff's criminal history, including his juvenile proceeding, felony conviction, and misdemeanor convictions, at trial; (5) preclude Defendants from using the pleadings and discovery responses; (6) preclude Defendants from eliciting testimony about the Defendants' military service, community service, and civic service; and (7) preclude Defendants from introducing any character evidence.  ECF No. 67.

      That same day, Defendants filed motions in limine, requesting that the Court: (1) remove the City of New York from the case caption and preclude Plaintiff from referring to defense

counsel as "city attorneys"; (2) preclude Plaintiff from mentioning or offering any evidence regarding the City of New York's potential indemnification of the individual defendants; (3) preclude Plaintiff from eliciting evidence of disciplinary histories of and prior lawsuits against Defendants; (4) preclude Plaintiff from requesting a specific dollar amount from the jury; (5) preclude Plaintiff from referring to or offering the patrol guide into evidence at trial; (6) preclude Plaintiff from offering any evidence at trial concerning damages and/or the Court should render an adverse inference concerning Plaintiff's failure to produce the injury photographs; and (7) preclude Plaintiff from introducing evidence concerning the dismissal of his criminal charges or his prosecution.  ECF No. 66.  Points 1 through 5 of Defendants' motion were decided in this Court's Order at ECF No. 75.  Points 6 and 7 remain pending before this Court.

As discussed further below, Plaintiff's motions are granted in part and denied in part, and Defendants' remaining motions are granted in part and denied in part.

I.     **Plaintiff's Motions in Limine**

Plaintiff's motion to preclude Defendants from making any reference to Plaintiff's arrest on September 23, 2014 is granted.  At ECF No. 75, this Court acknowledged that Plaintiff had withdrawn his claims as to the September 23, 2014 arrest.  Although Defendants oppose withdrawal of Plaintiff's claims involving the September 23, 2014 arrest, Plaintiff is permitted to make the strategic decision to decline to pursue all claims.[1]  In light of Plaintiff's withdrawal of claims involving the September 23, 2014 arrest, reference to the September 23, 2014 arrest is irrelevant and mention of an additional arrest would be unduly prejudicial to Plaintiff.

---

[1] Although Defendants would like the Court to find Plaintiff's withdrawal to be with prejudice, the Court declines to do so but notes that Plaintiff would likely be time-barred from reviving claims related to the September 23, 2014 arrest.  In addition, if Plaintiff were to be successful at trial and makes an attorney's fee application, Plaintiff would have to take into account the fact that Plaintiff did not pursue one of the two major incidents raised in the case.

Defendants may, however, call as a witness Registered Nurse James Schinazi, who treated Plaintiff following his arrest on September 23, 2014, to testify as to his evaluation made during the September 23, 2014 hospital visit of Plaintiff's physical condition as to prior injuries. The medical records related to that evaluation may also be offered to the extent they contain information related to Plaintiff's pre-existing physical condition, see, e.g., DEF0044. All other non-pedigree information included in the medical records, including any reference to pepper spray or alcohol in connection with the September 23, 2014 arrest, is excluded, as is any testimony by RN Schinazi on those issues.

Plaintiff's motion to preclude Defendants from making any reference to Plaintiff's receipt of public benefits is granted. To the extent Plaintiff seeks to raise a damages claim related to his medical treatment such that receipt of Medicare or Medicaid benefits become relevant, the Court would revisit this issue.

Plaintiff's motion to preclude Defendants from introducing evidence regarding Plaintiff's arrest history is granted. Given that Plaintiff has withdrawn his claim for emotional distress damages, any references to his arrest history would be irrelevant to the damages claim and more prejudicial to Plaintiff than probative.

Plaintiff's motion to preclude Defendants from introducing evidence of Plaintiff's criminal history is granted in part and denied in part. Defendants are permitted to introduce the fact of Plaintiff's felony conviction and the crime committed because the four factors courts consider in evaluating whether to admit evidence of a felony conviction under Rule 609(a)(1)(A) weigh slightly in favor of admission here. Those four factors are: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." See

Daniels v. Loizzo, 986 F. Supp. 245, 250 (S.D.N.Y. 1997).  Although the impeachment value of the crime here, Attempted Criminal Sale of a Controlled Substance in the Third Degree, is modest, the conviction occurred within the last ten years, is not at all similar to the conduct at issue, and Plaintiff's credibility is central to the case at hand.  Therefore, the fact of Plaintiff's felony conviction and the crime for which he was convicted are admissible.  All other information related to Plaintiff's criminal history, including Plaintiff's misdemeanor convictions and any juvenile criminal proceedings against him, is excluded.

Plaintiff's motion to preclude Defendants from relying on Plaintiff's pleadings and discovery responses is granted.  The pleadings are statements prepared by counsel and are not verified by Plaintiff.

Plaintiff's unopposed motion to preclude Defendants from eliciting testimony about Defendants' military service, community service and civic service is granted.

Plaintiff's motion to preclude Defendants from introducing any character evidence is moot because the evidence Plaintiff raises relates to the September 23, 2014 arrest, which, as discussed above, is no longer relevant to this case.

## II.     Defendants' Remaining Motions in Limine

Defendants' motion to preclude Plaintiff from offering any evidence at trial concerning damages, and Defendants' motion for the Court to render an adverse inference concerning Plaintiff's failure to produce photographs of his injury taken following the September 23, 2014 arrest are denied.  Defendants' argument rests on Plaintiff's failure to produce certain photographs of his injuries allegedly taken by Plaintiff's niece and forwarded by Plaintiff to his attorneys, who cannot locate the photographs or emails with Plaintiff relating to their transmission.

Defendants have failed to carry their burden to demonstrate spoliation. First, Defendants have not shown that Plaintiff acted with the requisite level of intent to justify spoliation sanctions. Defendants admitted at oral argument that the photographs at issue are considered electronically-stored information (ESI). Therefore, they are governed by Federal Rule of Civil Procedure 37(e). "[A]mended Rule 37(e) only allows for adverse inference sanctions where the non-movant acted intentionally to deprive another party use of the ESI during litigation." Int'l Bus. Machines Corp. v. Nagaseelan Naganayagam, No. 15 Civ. 7991 (NSR), 2017 WL 5633165, at *6 (S.D.N.Y. Nov. 21, 2017). Defendants have not offered any evidence to suggest that Plaintiff intended to deprive Defendants of the photographs referenced at Plaintiff's deposition.

Second, Defendants have failed to show that Plaintiff's failure to produce the photographs will cause Defendants sufficient prejudice at trial to warrant any sanctions. Rule 37(e) permits courts to impose sanctions or curative measures if: (1) ESI is lost "because a party failed to take reasonable steps to preserve it," (2) the ESI "cannot be restored or replaced through additional discovery," and (3) the court finds "prejudice to another party from the loss of the information." Id.

Here, Defendants have not shown that the photographs could not be obtained by requesting them from Plaintiff's niece, who allegedly took the photographs on her telephone.

Defendants have not shown that they have been prejudiced by the absence of the photographs. The photographs were allegedly taken following the September 23, 2014 arrest, which is no longer at issue in this case. Plaintiff does not claim to have suffered any long-term injuries from the September 1, 2014 arrest. Therefore, to the extent the photographs following the September 23, 2014 arrest would be relevant at all to the remaining claims at issue, they would be, at most, marginally probative with respect to what occurred on September 1, 2014.

Any alleged harm caused by the lack of photographs would be mitigated because Defendants intend to call registered nurse James Schinazi of Kingsbrook Jewish Medical Center, the nurse who treated Plaintiff following the September 23, 2014 arrest around the same timeframe the photographs were allegedly taken, to speak to his physical condition following the September 23, 2014 arrest.  There are also medical records about Nurse Schinazi's report of Plaintiff's preexisting injuries (or lack thereof).  Therefore, the marginal probative value of the photographs, which involve the same subject matter about which the nurse will testify and which are likely to contain more evidence related to the September 23rd incident than to the September 1st incident, is limited.

Accordingly, Defendants have failed to justify the imposition of spoliation sanctions.  Pursuant to the Best Evidence Rule, however, Plaintiff may not testify at trial regarding the contents of the photographs (unless Defendants wish to put the content of those photographs at issue).  Fed. R. Evid. 1002.

Defendants' motion to preclude Plaintiff from introducing evidence concerning the dismissal of his criminal charges or his prosecution is denied, and the motion made during oral argument by Plaintiff's counsel to preclude discussion of the ACD (adjournment in contemplation of dismissal) is granted.  The parties are limited to describing the resolution of Plaintiff's case as having been dismissed.  Any wider discussion of the resolution of Plaintiff's criminal case is likely to confuse the jury, which should be focused on probable cause for the arrest, not the status of the case after review by the District Attorney's Office.

Dated:  Brooklyn, New York
         February 26, 2018

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge